# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT



FILED
AUG - 9 2005
CLERK

No. 04-2895

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of South Dakota. |
| James Shannon, | * |
| | * |
| Appellant. | * |

Submitted: March 16, 2005
Filed: July 14, 2005

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

COLLOTON, Circuit Judge.

James Shannon pled guilty to making a false statement in violation of 18 U.S.C. § 1001(a)(2). Although the presentence report recommended an applicable guideline sentencing range of six to twelve months' imprisonment, the district court[1] sentenced Shannon to a term of 58 months' imprisonment. Shannon appeals, and we affirm.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Shannon's conviction arose from statements he made while ostensibly cooperating with law enforcement officers in the investigation of drug trafficking offenses. After making an agreement with officers that he would conduct a controlled transaction to purchase methamphetamine from a suspect, Shannon contacted the suspect and arranged to purchase a different substance, ephedrine, rather than methamphetamine. At the controlled transaction, Shannon gave the suspect $500 in exchange for a bag of ephedrine, and then provided the bag to police. When an officer expressed skepticism that the substance actually was methamphetamine, Shannon assured him that it was the drug. Testing revealed, however, that the substance was ephedrine, and Shannon subsequently admitted to making false statements to the officers by representing that the substance he purchased was methamphetamine when he knew it was ephedrine.

In arriving at a recommended sentencing range under the federal sentencing guidelines, the United States Probation Office calculated a total offense level of four, taking into account a base offense level of six for a violation of 18 U.S.C. § 1001(a)(2), *see* USSG § 2B1.1(a)(2), and a two-level downward adjustment for acceptance of responsibility, *see* USSG § 3E1.1(a). The probation office calculated that Shannon's extensive criminal history placed him in category VI. The corresponding sentencing range under the guidelines was six to twelve months' imprisonment. The statutory maximum term of imprisonment was five years. 18 U.S.C. § 1001(a).

Prior to sentencing, the district court ruled that in light of *Blakely v. Washington*, 542 U.S. 296 (2004), the federal sentencing guidelines were unconstitutional. The court explained, "I agree with the approach of giving the guidelines due consideration in imposing a sentence. I do not, however, consider myself bound by them." (Memorandum of July 21, 2004.)

-2-

At sentencing, the district court reiterated that "[a]lthough in this particular case the sentencing guidelines do not have any enhancements which would implicate the fact finding requirements by a jury or the indictment by the government of Mr. Shannon, I, nevertheless, think that they are unconstitutional in general." (S. Tr. at 9). Shannon's counsel agreed that the guidelines were unconstitutional and should not be viewed as mandatory.

The district court observed that "the defendant has a horrible criminal record as both counsel acknowledge." (S. Tr. at 23). The district court described a litany of prior offenses for which Shannon was convicted, including possession of marijuana, felony possession of marijuana, selling LSD, operating a vehicle while intoxicated, second degree theft, possession of controlled substances, forgery, third degree theft, distribution of an imitation controlled substance (three separate times), and driving under suspension. (*Id.* at 21-26). The court also noted numerous parole revocations on Shannon's record. The court described the criminal history as "abominable," and "some of the worst that I've seen since I have been on the bench." (*Id.* at 29). The court observed that the criminal history was "consistent, one offense right after another," and that "the state courts have been quite lenient toward this defendant." (*Id.*).

In summary, the district court opined that "[i]f that isn't a career criminal I don't know what could be said to fall under that category." (S. Tr. at 30). The court explained that "if the guideline range were to be applied here, which would be a maximum sentence of 12 months, that would be ridiculous." The court stated that if the guidelines were mandatory, then it would depart upward based on the fact that "his criminal history category of VI understates the likelihood that he is going to commit further crimes . . . [a]nd also underrepresents the seriousness of his criminal history." (S. Tr. at 30-31). Specifically, the court concluded that under the guidelines, it would depart upward by increasing the offense level from 4 to 17, thus arriving at a sentencing range of 51 to 63 months. The district court also made clear

that "in the absence of the sentencing guidelines," it would sentence Shannon to 58 months' imprisonment. (S. Tr. at 32).

Shannon argues that the district court's upward departure from the guidelines was unreasonable, and that the sentence imposed was excessive. Although the parties filed their briefs before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), we interpret Shannon's argument to be that either his sentence was imposed as a result of an incorrect application of the sentencing guidelines (because the departure was impermissible), *see* 18 U.S.C. § 3742(f)(1), or that the overall sentence was unreasonable with regard to the factors set forth in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 765.

In *Booker*, the Supreme Court held that certain applications of the mandatory sentencing guidelines violated the Sixth Amendment, and, as a remedy, declared the guidelines effectively advisory in all cases. The Court directed that the courts of appeals should review sentences imposed under the advisory guideline regime for "unreasonableness" with regard to 18 U.S.C. § 3553(a). Since *Booker*, we have explained that in imposing sentence under the new regime, a district court should determine the advisory guideline sentencing range, based on the total offense level, criminal history category, and any appropriate departures from the guidelines. *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). The district court also may vary from the advisory guideline range based on the factors set forth in § 3553(a), so long as such a variance is reasonable. *See Booker*, 125 S. Ct. at 765; *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

Although the district court was operating without the benefit of *Booker* or our decisions applying *Booker*, we believe the court's methodology was consistent with what has been prescribed under the current regime. The court determined the applicable guideline range, and explained its conclusion that an upward departure was warranted. The court further concluded that the sentencing guidelines were not

binding on the court, but said that it was giving "due consideration" to the guidelines, and imposed a sentence identical to the term of imprisonment that would have applied under the court's view of the applicable guidelines. We thus discern no procedural error that requires a remand for resentencing.

We also conclude that the district court committed no substantive error in imposing sentence. We review the court's decision to depart upward under the advisory guidelines for abuse of discretion, *Mashek*, 406 F.3d at 1017, and we believe that the departure articulated by the district court withstands review. Our cases recognize that even when a defendant scores sufficient criminal history points to place him in category VI, the district court may depart upward on the ground that even the highest category seriously under-represents the seriousness of the defendant's criminal history. *E.g.*, *United States v. Gonzales-Ortega*, 346 F.3d 800, 802 (8th Cir. 2003); *United States v. Aguilar-Lopez*, 329 F.3d 960, 963 (8th Cir. 2003). Shannon's criminal history scored a total of 31 points, based on 12 prior felonies and four misdemeanors, while only 13 points are necessary to establish placement in category VI. The court considered several other factors that are appropriately weighed in arriving at an upward departure under USSG § 4A1.3 – namely, that the offense of conviction involved a scheme that was very similar to three of Shannon's prior convictions, *see United States v. Carey*, 898 F.2d 642, 646 (8th Cir. 1990), that Shannon often committed "one offense right after the other" during his 20-year criminal career, *see United States v. Washington*, 109 F.3d 459, 462 (8th Cir. 1997), that Shannon had a terrible record of following rules while on parole, *see United States v. Yahnke*, 395 F.3d 823, 825-26 (8th Cir. 2005), and that the state courts had treated Shannon with leniency when fashioning punishment for a long series of prior convictions. *See United States v. Lang*, 898 F.2d 1378, 1380 (8th Cir. 1990). The decision to depart upward was thus supported by several aggravating circumstances, and the totality of the circumstances leads us to conclude that there was no abuse of discretion in either the conclusion that departure was warranted or the extent of the departure.

We also conclude that the sentence imposed was reasonable with regard to § 3553(a). In light of our conclusion that the upward departure from the guidelines was permissible, the sentence imposed was consistent with the now-advisory guidelines, and this is generally indicative of reasonableness. *See* 18 U.S.C. § 3553(a)(4), (5). Even assuming the departure was excessive, however, the district court made clear that it would have imposed the same sentence even without regard to the sentencing guidelines, so any error in the guideline computation would not require a remand as long the sentence is reasonable with regard to § 3553(a). *See Mashek*, 406 F.3d at 1017. Under *Booker*, as noted, the court has authority to tailor the sentence in light of statutory concerns other than the sentencing guidelines. 125 S. Ct. at 757.

For reasons similar to those discussed in connection with the upward departure, we believe that the sentence of 58 months' imprisonment is reasonable with regard to § 3553(a). The statute directs the sentencing court to consider, among other things, "the history and characteristics of the defendant," as well as the need for the sentence "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2). The district court plainly believed that in view of Shannon's extensive criminal history and incorrigibility, a firm sentence was necessary to further these objectives. We believe this conclusion was not unreasonable.

The judgment of the district court is affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: *Michael E. Gans*

-6-